## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DEBRA KROSS**                                                                                    **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:06cv1012JMR-JMR**

**GRAND CASINOS OF MISSISSIPPI, INC.**                                     **DEFENDANT**

### MEMORANDUM OPINION

This cause comes before the Court on the motion of the Defendant, Grand Casinos of Mississippi, Inc [Grand] for summary judgment [40-1] on claims against it by Debra Kross pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

### Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party ". . . the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." FED. R.CIV. P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Further, ". . . summary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of evidence to support

the nonmovant's cause of action. *Celotex,* 477 U.S. at 325; *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir. 1996). Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide*, 974 F.2d 653, 655-56 (5th Cir. 1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the nonmovant, summary judgment is implicated. *Id*.; *Exxon*, 4 F.3d at 1297. Assertions unsupported by facts are insufficient to oppose a summary judgment motion. *Williams v. Weber Management Services,* 839 F.2d 1039 (5th Cir. 1987).

## Statement of Facts

On August 5,2005, Plaintiff , Debra Kross alleges she was injured while standing in line at the Murano's Italian Buffet which is indisputably owned and maintained by the Grand. At approximately 3:00p.m., the Plaintiff 's foot became entangled in the velvet rope which hung between two free standing moveable stanchions placed for crowd control. Plaintiff fell and sustained a multi-level fracture of her ankle. Plaintiff alleges that the crowd control velvet rope  attached to two free standing stanchions was placed by an employee or agent of the defendant in a manner to allow the rope to hang dangerously low and was not readily visible to patrons such as the Plaintiff as she did not see the rope in question ( Plaintiff's Response Brief  to the Motion for Summary Judge, Deposition of Debra Kross attached as Exhibit B). Kross asserts that the Defendant is vicariously liable for negligent placement, negligent inspection and negligent maintenance of the

ropes which constituted an unreasonable hazard to patrons. Plaintiff has presented the affidavit of Ardell Henderson, an independent witness who alleges that the rope that Ms. Kross tripped over was a hazard and a person would not have noticed it unless they were walking with their head down.( Affidavit of Ardell Henderson , attached to Plaintiff's Response to Motion for Summary Judgment as Exhibit "A") .[1]

Defendant alleges that the condition of the rope was open and obvious. Defendant submits that the testimonies of Plaintiff's son, her sister, and her brother in law who stated that the rope and the stanchions were "clearly visible " when they walked up, to substantiate its position. Second, Defendant contends that there has been no testimony to affirmatively demonstrate that the Defendant placed the stanchions and caused them to be hung in the height and position Plaintiff contends was unreasonably dangerous.

## Discussion

It is undisputed that Plaintiff was an invitee at the time of this incident. In order for the plaintiff to prevail, in this matter, she must prove that a dangerous condition existed in an area where she was injured. Under Mississippi law, the Grand has a duty to warn invitees of a dangerous condition of which they have knowledge. *Leflore County v. Givens*, 754 So. 2d.1223,1227 (Miss.2000). The accident, by itself, is not sufficient to prove that a dangerous condition existed at the time of the accident. *Evans* v. *United States*, 824 F. Supp. 93, 97 (S.D.Miss. 1993); *Taylor*, 737 So.2d at 437. In order to establish a claim of negligence, it must appear that the offending defendant violated some duty to the plaintiff. *J.C.Penney, Co. v. Sumrall,* 318 So.2d 829,832 (Miss.1975). As

---

[1]The Court acknowledges that the parties have sought to take the deposition of Ms Henderson on September 25,2008 in Opelika, Alabama and after she advised that she would present herself for deposition, she failed to appear.(Defendant's Reply Brief, footnote 1,p.4).

an invitee , the Grand owed the Plaintiff " the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is a hidden danger or peril that is not open in plain view." *Thomas v. Columbia Group,LLC*. 969 So.2d 849, 853 ( Miss.2007)

"Where the presence of the dangerous condition is due to the act of a third party. it must be shown that the defendant had actual or constructive knowledge of its presence ... Constructive knowledge is established by proof that the condition existed for such a length of time that in the exercise of reasonable care , the proprietor should have known of it ." *Waller v. Dixieland Food Stores, Inc*. 492 So.2d 283, 285 .In situations where a plaintiff is injured by another patron , the owner can be held liable only where he had cause to anticipate the wrongful or within the class protected by the violation, the plaintiff must still show that the violation proximately caused the injury. The Mississippi Supreme Court has held that "the question of whether an owner or occupier of a premises was negligent for failure to repair an alleged dangerous condition is ordinarily for the jury to decide. *Mayfield v. The Hairbender*, 903 So.2d 733,739(Miss.2005) . The Court finds there is a genuine issue of material fact. Plaintiff testified that she never saw the velvet rope until she was on the ground and her testimony is supported by the affidavit of the independent witness, Ms. Henderson.  The Court finds that jurors could reasonably conclude that this alleged hazard was one more likely to have been noticed by the employees of the Grand then its patrons as  the Grand is charged with the responsibility for inspection, maintenance and repair. Therefore ,the Court finds in the light most favorable to the Plaintiff, Defendant's motion should be denied.

## Conclusion

After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds that the motion of the Defendant, Grand for summary judgment [40-1] on claims against  by the Plaintiff, Debra Kross be denied.

DATED this the 29th day of September, 2008.

<u>s/John M. Roper Sr.</u>
UNITED STATES MAGISTRATE JUDGE
